IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 3:23CR129 (RCY) |
| ) | |
| GERALD KEMONDRE TAYLOR, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Gerald Kemondre Taylor's ("Mr. Taylor," or "the Defendant") Motion to Dismiss the Indictment. ECF No. 16. The Defendant seeks dismissal of the indictment charging him with Illegal Possession of a Machinegun, in violation of 18 U.S.C. § 922(o), based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). *See* Mot. Dismiss Indictment ("Mot. Dismiss") 1–2, 6–9, ECF No. 16. The Defendant brings both facial and as-applied challenges to § 922(o). For the reasons stated below, the Court will deny the Defendant's motion in full.

**I. BACKGROUND**

On May 24, 2023, officers with the Richmond Police Department's Special Violence Interdiction Unit were conducting surveillance near the Woodland Crossing Apartments in Richmond, Virginia. Gov't's Resp. 1–2, ECF No. 22. The officers were patrolling this area because they believed an individual suspected of robbery was nearby. Mot. Dismiss 2; Gov't's Resp. 1.

While conducting surveillance, the officers saw Mr. Taylor begin a livestream on Instagram. *See* Mot. Dismiss 2; Gov't's Resp. 1–2. During that livestream, Mr. Taylor flashed what appeared to be a "Glock-style firearm in [his] waistband[,] with a machinegun conversion device on the rear of the slide." Gov't's Resp. 2. Recognizing Mr. Taylor to be in the nearby

Woodland Crossing Apartments, the officers proceeded to the area.  *See* Mot. Dismiss 2; Gov't's Resp. 2.  Upon arrival, the officers located Mr. Taylor in an open-air stairwell in one of the apartment buildings.  Mot. Dismiss 2; Gov't's Resp. 2.  The officers then detained Mr. Taylor and found him to be in possession of a Glock-style handgun with a machinegun conversion device (known as a "switch") attached to the firearm.  Mot. Dismiss 2; Gov't's Resp. 2.  The switch attached to the firearm converted it into a gun capable of firing multiple bullets with a single trigger pull.  Mot. Dismiss 2; Gov't's Resp. 2.  After being read his *Miranda* rights, Mr. Taylor admitted to knowing the function of a switch—i.e., that it made the firearm in his possession capable of firing in a fully automatic manner.  Gov't's Resp. 2.

On October 4, 2023, a grand jury indicted Mr. Taylor for illegal possession of a machinegun, in violation of 18 U.S.C. § 922(o).  Indictment 1, ECF No. 1.  Mr. Taylor was arraigned on December 19, 2023, ECF No. 13, and filed the instant Motion to Dismiss, ECF No. 16, the Indictment on January 2, 2024.  The Government filed its Response to the Defendant's Motion to Dismiss the Indictment on January 25, 2024.  ECF No. 22.  The Defendant filed his Reply on February 1, 2024.  ECF No. 23.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  The Defendant here requests that the Court dismiss the indictment against him.  "An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional."  *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

2

## III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(o), is unconstitutional on its face and as applied to him because it violates the Second Amendment under *Bruen*'s new text-and-history test.

18 U.S.C. § 922(o) makes it "unlawful for any person to transfer or possess a machinegun," subject to two narrow exceptions not presently at issue. *See* 18 U.S.C. § 922(o).

The Defendant argues that *Bruen* "upended Second Amendment doctrine" with its text-and-history test. Mot. Dismiss 1. He argues that "[c]riminalizing gun possession pursuant to 18 U.S.C. § 922(o) is unconstitutional under *Bruen*'s 'text and history' standard," and that, as a result, the burden shifts to the government to show that § 922(o) is "consistent with our country's historical traditions in regulating guns." *Id.* at 6–7 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2138 (2022)). The Defendant ultimately concludes that the government cannot meet its burden, and that § 922(o) is therefore unconstitutional both facially and as applied to him. *See id.* at 7–9.

This Court has already carefully considered and denied each of the arguments set forth in this Motion to Dismiss. *See United States v. Lane*, --- F. Supp. 3d ---, 2023 WL 5663084 (E.D. Va. Aug. 31, 2023).[1] Other federal courts have persuasively done the same, with similar outcomes. *See, e.g.*, *United States v. Hoover*, 635 F. Supp. 3d 1305, 1325 (M.D. Fla. 2022); *United States v. Simien*, 655 F. Supp. 3d, 540, 553 (W.D. Tex. 2023). The briefing in the present case provides no new arguments from those posed in *Lane* and therefore no reason for this Court to deviate from its

---

[1] In *Lane*, this Court found that the plain text of the Second Amendment does not cover the possession of machineguns because "[m]achineguns are 'dangerous and unusual' weapons" that are "not . . . 'in common use.'" *Lane*, 2023 WL 5663084, at *16; *see Lane* 2023 WL 5663084, at *13–16. Accordingly, § 922(o)'s ban on the transfer and possession of machineguns is constitutionally permissible. *See Lane*, 2023 WL 5663084, at *13–16.

prior analysis; as such, the Court adopts in full the reasoning previously set forth in its Memorandum Opinion in *United States v. Lane*.[2]

## IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion to Dismiss the Indictment, ECF No. 16, will be denied.

An appropriate Order shall issue.

/s/ *RCY*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: February 7, 2024

---

[2] The Defendant here argues that § 922(o) is unconstitutional both facially and as applied to him. But the Defendant, as did the defendant in *Lane*, makes the same argument for both his facial and his as-applied challenges: § 922(o) facially criminalizes possessing machineguns, and the statute applies to the Defendant because he was possessing a machinegun. Because the Defendant argues both challenges in the same way (and does so by making the same arguments that the defendant made in *Lane*), the Court here can dispose of both challenges by relying on *Lane*'s single and complete *Bruen* analysis. *See Lane*, 2023 WL 5663084, at *13–16.